UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY BROWN,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-415-JD-MGG

SPATES, et al.,

    Defendants.

OPINION AND ORDER

Billy Brown, a prisoner without a lawyer, is proceeding in this case "against Sergeant Deu and Sergeant Spates for using excessive force against him and touching in a manner designed to humiliate him on March 29, 2022, in violation of the Eighth Amendment[.]" ECF 6 at 10. The defendants filed a motion for summary judgment, arguing Brown did not exhaust his administrative remedies prior to filing this lawsuit. ECF 25. Brown filed a response, and the defendants filed a reply. ECF 31, 35. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.*

*Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

There is an Offender Grievance Process in effect at Brown's prison, which requires an inmate to complete three steps prior to filing a lawsuit: (1) a formal

2

grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 26-2 at 3. The defendants argue Brown did not exhaust his administrative remedies prior to filing this lawsuit because he did not fully exhaust any grievance related to the March 29, 2022, incident. ECF 26 at 5-7. In his response, Brown agrees he did not fully exhaust any grievance related to the March 29 incident, but argues he nevertheless exhausted his available administrative remedies for two reasons.

First, Brown argues that even though he did not fully exhaust a grievance, he satisfied the PLRA's exhaustion requirement by submitting a complaint under the Prison Rape Elimination Act of 2003 ("PREA"). ECF 32 at 3-4. Specifically, Brown argues that his PREA complaint satisfied the PLRA's exhaustion requirement because "PREA and PLRA requires the same grievance process." ECF 32 at 3-4. The defendants agree Brown has an ongoing PREA complaint, but argue that his filing of a PREA complaint does not excuse his requirement to exhaust a grievance through the Offender Grievance Process. ECF 26 at 6-7. Here, Brown provides no evidence that any court has ever found that filing a PREA complaint is a valid substitute for exhausting the Offender Grievance Process. *See Dole*, 438 F.3d at 809 (the Seventh Circuit has taken a "strict compliance approach to exhaustion"); *Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"); *Poventud v. Saldaris*, No. 18-CV-532, 2020 WL 1046095, at *3 (E.D. Wis. March 4, 2020) ("It does not appear that the Seventh Circuit Court of Appeals has addressed the issue of whether a PREA complaint exhausts an

3

inmate's obligation to exhaust under the PLRA, though district courts in this circuit have found that it does not"); *Peace v. Kemper*, No. 14-CV-1416, 2016 WL 5793689, at *5 (E.D. Wis. Sept. 30, 2016) ("The plaintiff's statements during the PREA investigat[ion] do not constitute proper exhaustion" under the PLRA); *Rivera v. Correctional Officer Drake*, No. 09-C-1182, 2014 WL 12526621, at *1 (E.D. Wis. Feb. 11, 2014) (noting there is a "difference between exhaustion for PLRA purposes and verbally reporting an incident for PREA purposes"); *Parry v. Muller*, No. 18-CV-1394, 2018 WL 4027572, at *3 (S.D. Ill. Aug. 23, 2018) (the PREA does not provide an "alternative grievance process" to the PLRA). While the Seventh Circuit has not yet addressed this issue, the Ninth Circuit has rejected the argument that the PREA excuses the PLRA's exhaustion requirement. *Porter v. Howard*, 531 Fed. Appx. 792, 793 (9th Cir. 2013) (rejecting the plaintiff's argument that the PREA excused his requirement to file a grievance under the PLRA). The Offender Grievance Process explicitly provides for PREA grievances and lists PREA issues as "matters appropriate to the Offender Grievance Process," meaning that Brown's claim against the defendants was grievable. ECF 26-2 at 3, 5-6. Thus, Brown has not shown that his filing of a PREA complaint excused his requirement to exhaust a grievance through the Offender Grievance Process.

Second, Brown argues he exhausted his available administrative remedies because he submitted a grievance on July 5, 2022, which the grievance office improperly rejected. ECF 32 at 2-4; ECF 31-1 at 1-2. However, Brown submitted his July 5 grievance *after* he filed this lawsuit, and thus cannot rely on the grievance to show exhaustion under the PLRA. *See Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before

4

administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment"). Thus, even assuming Brown fully exhausted, or was prevented from fully exhausting, his July 5 grievance, he cannot rely on that grievance to show exhaustion in this lawsuit.[1]

Because the undisputed facts show Brown did not exhaust any grievance before filing this lawsuit, summary judgment must be granted in favor of the defendants. For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 25); AND

(2) DIRECTS the clerk to enter judgment pursuant to 42 U.S.C. § 1997e(a) in favor of the defendants and against Billy Brown and to close this case.

SO ORDERED ON May 12, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears Brown exhausted all available remedies with regard to his July 5 grievance, as the Grievance Specialist improperly rejected this grievance on the ground that it had been "handled informally." ECF 31-1 at 1. But this is not relevant here, as it is undisputed Brown submitted his July 5 grievance after filing this lawsuit.

5